IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> REA MASONRY, LLC., an Illinois limited liability company, <br><br> Defendant. | Case No. 25-cv-11825 <br><br> JUDGE SEEGER |

## INITIAL JOINT STATUS REPORT

NOW COME Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds, (herein after referred to as the "Funds,") by their attorney, G. Ryan Liska, and Defendant REA Masonry, LLC ("Company") by through its attorney Todd A. Miller of the firm of Allocco, Miller & Cahill and hereby submit the Parties' Initial Joint Status Report. In support of this Report, the Parties state as follows:

I.    **The Nature of the Case**.

    a.    Attorney for Plaintiffs:

    G. Ryan Liska (Trial Counsel)
    Patrick T. Wallace
    Amy Carollo
    Sara Schumann
    Office of Fund Counsel
    Laborers' Pension and Welfare Funds
    11465 W. Cermak Road
    Westchester, Il 60154

    Attorney for Defendant:

    Todd A. Miller (Trial Counsel)
    Kathleen M. Cahill
    Allocco, Miller & Cahill, P.C.
    20 N. Wacker Drive, Suite 3517
    Chicago, IL 60606
    312-675-4325

    b.    Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

    c.    Plaintiffs filed their Complaint on September 29, 2025. Count I seeks to collect delinquent fringe benefit contributions, liquidated damages and interest as a result of the Company's failure to remit its March 2025 through July 2025 fringe benefit reports. Count II seeks delinquent union dues contributions and liquidated damages as a result of the Company's failure to remit its October 2025 through March 2025 and July 2025 through August 2025 dues reports. Count III is for breach of contract resulting from the Company failing to post a $10,000.00 fringe benefit bond as required by the parties' collective bargaining agreement.

      d.      Based upon the Company's Answer, the disputed factual issue is whether the Company failed to remit monthly fringe benefit contributions disclosed on the Company's monthly fringe benefit reports for the period March 2025 through August 2025. Since the filing of the Complaint, the Company's September and October 2025 fringe benefit reports became due and owing. There is no dispute as to the claims and amounts alleged in Counts II and III of the Complaint.

      f.      The damages are itemized as follows.

      (i)      Count I: The Company owes the balance on the April 2025 through August 2025 and October 2025 fringe reports totaling $29,885.41 (plus the September 2025 if work was performed- no report submitted). The Company owes LDs of $24,245.09 as a result of the late payment of for November 2024 through February 2025 and March 2025 through August 2025 and October 2025 fringe benefit reports.

      (ii)      Count II: The Company owes dues reports from October 2024 through October 2025 total $13,928.80 plus 10% LDs of $1,392.88. If there was work in September 2025, those amounts will be added.

      (iii)      Count III: The Company must post a either a $10,000.00 fringe benefit surety bond or a cash bond of the same value.

      g.      The Defendant was served and filed an Answer to Complaint.

## II. Discovery

      A.      The proposed discovery schedule is as follows:

      (a)      The parties will exchange Rule 26(a)(1) Disclosures by January 23, 2026;

      (b)      The parties will issue written discovery by February 16, 2026;

  (c)  Service of process on any "John Does" by April 16, 2026;

  (d)  Deadline to amend pleading/add parties is April 30, 2026;

  (e)  The fact discovery cut-off date is June 16, 2026;

  (f)  Dispositive motions to be filed by August 3, 2026

Note, the parties do not foresee the need to conduct expert discovery.

 B. The parties anticipate two (2) to four `(4) depositions.

 C. The parties do not foresee any special issues during discovery.

 D. The parties discussed the topics stated in Rule 26(f)(3)(A-F) and do not foresee any disclosure issues and understand the obligations of preservation of electronically stored information.

### III. Trial

 A. There is no jury demand.

 B. The anticipated length of trial is 1 day.

### IV. Settlement, Referrals and Consent

 A. On December 11, 2025, the Funds provided the Company with an itemization of fringe benefit and union dues contributions due. The amount of fringe benefit and union dues contributions were calculated from the monthly fringe benefit and union dues reports submitted by the Company. The Funds requested the Company review the calculations and contact Fund Counsel to discuss settlement. That was the last settlement correspondence.

 B. Counsel for the Funds and Company work together on numerous cases during the year and based upon past dealings believe this matter can be resolved without the assistance of the Magistrate Judge.

C.	Neither party will immediately shut the door to proceeding before the Magistrate for all issues. However, due to the admissions in the Complaint and amount in controversy, the parties do not expect this case to burn up discovery time and expense and believe it can be resolved in short order. And the fast approaching proposed disclosure date and date to issue written discovery should assist in that regard.

Date: January 6, 2026

Respectfully submitted,

| | |
|---|---|
| Laborers' Pension Fund et al. | REA Masonry, LLC |
| /s/ G. Ryan Liska<br>Attorney for Plaintiffs | /s/ Todd A. Miller<br>Attorney for Defendants |
| Office of Fund Counsel<br>Laborers Pension and Welfare Funds<br>111 W. Jackson Blvd., Suite 1415<br>Chicago, IL  60604 | Allocco Miller & Cahill, P.C.<br>20 N. Wacker Drive, Suite 3517<br>Chicago, IL 60606 |