IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' ) <br> DISTRICT COUNCIL PENSION FUND, ) <br> CHICAGO & VICINITY LABORERS' ) <br> DISTRICT COUNCIL WELFARE FUND, ) <br> CHICAGO & VICINITY LABORERS' ) <br> DISTRICT COUNCIL RETIREE HEALTH ) <br> AND WELFARE FUND, and CATHERINE ) <br> WENSKUS, not individually but as ) <br> Administrator of the Funds, ) <br>   ) <br> Plaintiffs, ) <br> v. ) <br> REA MASONRY, LLC., an ) <br> Illinois limited liability company, ) <br>   ) <br> Defendant. ) | Case No. 25-cv-11825 <br><br> JUDGE SEEGER |

## PARTIES' JOINT STATUS REPORT

NOW COME Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds, (herein after referred to as the "Funds,") by their attorney, G. Ryan Liska, and Defendant REA Masonry, LLC ("Company") by through its attorney Todd A. Miller of the firm of Allocco, Miller & Cahill and hereby submit the Parties' Joint Status Report. In support of this Report, the Parties state as follows:

1. Since mid-November 2025, the Funds requested the Company to provide a settlement offer. The Company possessed knowledge of the amounts due since those amounts are based upon the monthly fringe benefit and dues reports submitted by the Company. The Company recently

submitted the last of its monthly fringe benefit and dues reports to and the Funds provided the Company with an updated itemization of amounts due based upon those reports. Defendant is evaluating its ability to pay and will provide a settlement offer to Plaintiffs by February 15, 2026.

2. The amount due is not in dispute and the Funds acknowledge settlement will involve an installment payment plan. The Parties want to avoid driving up the costs of settlement by ramping up litigation for a dispositive motion.

3. Assistance from the Court in the form of an order setting a deadline for the Company to tender a settlement offer and the Funds a response should be enough to get the settlement ball rolling. And if it is not, Fund Counsel will proceed accordingly.

Date: February 4, 2026

Respectfully submitted,

| | |
|---|---|
| Laborers' Pension Fund et al. | REA Masonry, LLC |
| /s/ G. Ryan Liska | /s/ Todd A. Miller |
| Attorney for Plaintiffs | Attorney for Defendants |
| | |
| Office of Fund Counsel | Allocco Miller & Cahill, P.C. |
| Laborers Pension and Welfare Funds | 20 N. Wacker Drive, Suite 3517 |
| 11465 Cermak Road | Chicago, IL 60606 |
| Westchester, IL 60154 | |